IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KENT DAVIS,<br><br>      Plaintiff,<br><br>    v.<br><br>KULA KAI VIEW ESTATES,<br>COMMUNITY ASSOCIATION, *et al.*,<br><br>      Defendants. | Case No. 23-cv-00346-DKW-WRP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DIRECTING SERVICE OF THE COMPLAINT**[1] |

On July 26, 2023, Plaintiff Kent Davis, proceeding without counsel, filed a Complaint against various State, municipal, and private actors appearing to allege, among other things, numerous violations of federal and State laws. Dkt. No. 1.[2] Davis has also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

I.    **IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that

---

[1] The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

[2] Although the Complaint is brought against Hawaiʻi-based defendants and concerns events taking place in Hawaiʻi, Davis filed the Complaint in federal court in California−the state of his residence. On August 17, 2023, the case was transferred from California to this District. Dkt. No. 7.

demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Davis has made the required showing under Section 1915(a). In the IFP Application, Davis states that he was last employed in 2005, and, in the past 12 months, has received $1,153 per month in supplemental social security income and $200 per month in food stamps. Dkt. No. 2 at 1. Davis further states that he has $210 in a checking or savings account and a car worth $900. Davis also states that he has average monthly expenses of approximately $1,100 for such things as housing, food, and utilities. In light of these figures, Davis has insufficient income, when considering monthly expenses, to pay the $400 filing fee while still affording the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In addition, Davis has insufficient assets to provide security for the filing fee. As a result, the Court GRANTS the IFP Application, Dkt. No. 2.

**II.     Service**[3]

To facilitate service, the Court ORDERS as follows:

1. For each of the six (6) named Defendants, the Clerk's Office is directed to send to Plaintiff: one copy of the Complaint, Dkt. No. 1; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order.   The Clerk shall also send a copy of this Order to the U.S. Marshal.

2. Should Davis choose to use the U.S. Marshal to serve the summons and Complaint, he shall complete the forms as directed and, for each of the Defendants, submit the following documents to the U.S. Marshal in Honolulu, Hawaii: a completed USM-285 form; a copy of the Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two

---

[3] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."   28 U.S.C. § 1915(e)(2)(B).   At this initial stage of the proceedings, without any responsive pleading from Defendants, and while acknowledging that there may be defenses, affirmative or otherwise, to the claims alleged in the Complaint, the Court finds service of the same to be appropriate.

(2) completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to each Defendant: a copy of the Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs.  *See* Fed.R.Civ.P. 4(c)(3).

4. The U.S. Marshal shall retain the summons and a copy of the Complaint.  For each Defendant, the U.S. Marshal shall also file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If a Defendant does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

    a. Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

    b. Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any

      attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. If Davis does not wish to use the U.S. Marshal for service, he may serve each of the Defendants on his own, in compliance with Fed.R.Civ.P. 4.

7. Davis is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

8. After service of the summons and Complaint, whether accomplished on his own or with the services of the U.S. Marshal, Davis must serve on Defendants or their attorneys a copy of all further documents he

5

submits to the Court.  The U.S. Marshal is not responsible for serving these documents on Davis' behalf.  In addition, Davis shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on Defendants or their counsel, and the manner in which service was accomplished. Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9. Davis is further notified that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

IT IS SO ORDERED.

Dated: September 1, 2023 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge