IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KENT DAVIS, | Case No. 23-cv-00346-DKW-WRP |
| Plaintiff, | **ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT KULA KAI VIEW ESTATES' MOTION FOR SUMMARY JUDGMENT AND AS-CONSTRUED MOTION TO DISMISS, (2) PERMITTING PARTIAL LEAVE TO AMEND THE COMPLAINT, AND (3) REMANDING PLAINTIFF'S FAILURE TO SERVE CERTAIN DEFENDANTS TO ASSIGNED U.S. MAGISTRATE JUDGE** |
| v. | |
| KULA KAI VIEW ESTATES, COMMUNITY ASSOCIATION, *et al.*, | |
| Defendants. | |

## INTRODUCTION

On July 26, 2023, Plaintiff Kent Davis (Plaintiff or Davis) initiated this action with the filing of a Complaint against Defendants Kula Kai View Estates Community Association (Kula Kai), the State of Hawai'i and its "employees" (collectively, the State of Hawai'i), the Hawai'i County Police Department (HCPD), Hawai'i County Prosecutor Kelden Waltgen (Waltgen), and Randy Larson (Larson) (the State of Hawai'i, HCPD, Waltgen, and Larson, collectively, the Unserved Defendants). Dkt. No. 1. Davis asserts approximately thirty (30) causes of action, all or at least many of which appear to originate out of disputes

between Davis and members of Kula Kai, a community and road association on the Big Island of Hawai'i.

Various summonses were issued on September 5, 2023, but only Kula Kai has been served.   Dkt. Nos. 14, 17.   On February 2, 2024, subsequent to answering the Complaint, Kula Kai filed the pending motion for summary judgment.   Dkt. No. 23.   Kula Kai argues that all of Davis' claims are barred because, on April 13, 2023, he filed for bankruptcy and those claims thus belong to his bankruptcy estate.   Kula Kai also argues that many of Davis' claims should be dismissed because they are brought under federal criminal law or because, as alleged, they cannot be brought against Kula Kai.

On March 25, 2024, Davis filed an initial opposition to the motion for summary judgment, followed by related submissions of exhibits and briefing. Dkt. Nos. 32, 35, 37-38.   Collectively, Davis argues that his claims in this action are not, or, at least, no longer, property of his bankruptcy estate because the U.S. Trustee assigned to his bankruptcy has abandoned the estate's interest in the same. However, other than numerous conclusory and unspecific arguments, Davis has not meaningfully addressed Kula Kai's other assertions beyond acknowledging that his claims of judicial and prosecutorial misconduct and his claims under 42

2

U.S.C. Section 1983 (Section 1983) were not intended to be alleged against Kula Kai.

On April 3, 2024, Kula Kai filed a reply in support of the motion for summary judgment.   Dkt. No. 36.   Among other things, with respect to Davis' bankruptcy, Kula Kai maintains that all claims in this case should be dismissed both because Davis failed to properly contest Kula Kai's concise statement of facts and because Davis is not the owner of those claims.

Having reviewed the parties' briefing, while there are certainly deficiencies with the claims alleged, as discussed more fully below, the summary judgment record does not support Kula Kai's representation that Davis is not the owner or holder of the claims in this action as a result of his bankruptcy filing.   Dkt. No. 36 at 8.   In fact, the "Notice of Trustee's Intent to Abandon Personal Property of the Estate Re: Lawsuits" ("Notice") indicates precisely the opposite—something which counsel must have known if they had also reviewed the Notice. Specifically, the Notice, Dkt. No. 31 in Case No. 23-bk-11505-SY, *In re Kent Ivan Davis*, clearly provides that the Trustee for Davis' bankruptcy case abandoned all of the estate's interest in this lawsuit.   Notice at 1-2.   While this alone does not resolve the issue of whether Davis properly brought the claims in this case prior to the Trustee's abandonment, it does show, contrary to the clear implication of Kula

3

Kai's representations, the fallacy of the contention that Davis is not *now* the holder of those claims.   Therefore, the motion for summary judgment, Dkt. No. 23, is DENIED on this ground.

As to Kula Kai's remaining arguments, Davis concedes that his claims of judicial and prosecutorial misconduct and his claims under Section 1983 are not alleged against Kula Kai.   Therefore, to the extent the Complaint can be construed otherwise, the motion for summary judgment is GRANTED, and these claims may *not* be pursued against Kula Kai.   This leaves Kula Kai's *legal* argument that numerous claims cannot be brought against it because they rely upon federal and state criminal provisions.   Because this argument does not rely upon Kula Kai's concise statement of facts, the argument is more properly considered one for lack of standing or subject matter jurisdiction.   Therefore, with respect to the same, the motion for summary judgment is construed as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and is GRANTED.   However, because Davis is proceeding without counsel and this is the first opportunity for the Court to provide him guidance with respect to these claims, dismissal is without prejudice and with leave to amend should Davis choose to do so.

Finally, although understandably not raised in the instant briefing, Kula Kai is one of at least five defendants in this case.   The Unserved Defendants, though,

as the label implies, have yet to be served.   In fact, the record does not reflect that Davis has even attempted, either through his own means or through the U.S. Marshal, as permitted by the Court's Order granting leave to proceed without prepayment of fees or costs, to serve the Unserved Defendants.   Therefore, this matter, specifically, the failure to timely serve the Unserved Defendants, is REFERRED to the assigned U.S. Magistrate Judge as set forth below.

## STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   In particular, the movant's "initial responsibility" is to inform the district court of the basis for its motion and to identify those parts of the record "which it believes demonstrate the absence of a genuine issue of material fact."   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   The moving party is then entitled to judgment as a matter of law if the non-moving party fails to make a sufficient showing on an essential element of a claim in the case on which the non-moving party has the burden of proof.   *Id*.   In assessing a motion for summary judgment, all facts are construed in the light most favorable to the non-moving party.   *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005).

5

Pursuant to Federal Rule of Civil Procedure 12(b)(1), claims may be dismissed for a lack of subject matter jurisdiction.   When such an argument is made, "the plaintiff has the burden of proving jurisdiction in order to survive the motion."   *Kingman Reef Atoll Investments, LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quotation omitted).

Because Davis is proceeding without counsel, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."   *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).   A court, however, may deny leave to amend where, *inter alia*, further amendment would be futile.   *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## DISCUSSION[1]

The Court first addresses Kula Kai's contention, applicable to all of Plaintiff's claims, that Davis is not the holder and/or owner of those claims and, thus, cannot bring them here.   The Court then turns to Kula Kai's remaining arguments that concern certain categories of Davis' claims.

---

[1]To the extent relevant to the analysis herein, the facts established by the summary judgment record are detailed in this Discussion section.

1.     **Davis' Bankruptcy**

Kula Kai asserts that Davis filed for bankruptcy protection on April 13,

2023, and all of the claims in this case are based upon acts occurring prior to that

date.   Dkt. No. 23 at 3-6.   Kula Kai further contends that because Davis did not

disclose these "pre-petition" claims in the schedules filed in his bankruptcy case,

and the Trustee for that case has not abandoned them, the claims "remain" property

of the bankruptcy estate.   *Id*. at 11-14.   In other words, according to Kula Kai,

Davis lacks "standing" to pursue the claims in the Complaint.   *Id*.   To prove its

point,   Kula Kai submitted a copy of the docket sheet from Davis' bankruptcy

proceeding.   The docket sheet, with docket entries through September 22, 2023,

indicates, as Kula Kai contended, that the Trustee had not abandoned the claims in

the Complaint through that date.   *See* Dkt. No. 24-3.

In his opposition, Davis asserts that his standing to bring claims in this case

has been "resolved" because the Trustee filed a "Notice of Abandonment," which

was approved by a U.S. Bankruptcy Judge.   Dkt. No. 32 at 4.   In connection with

his opposition, Davis submitted an Order of the Bankruptcy Judge providing that

the "debtor's interest as described in the Notice is deemed abandoned and no

longer property of the estate upon entry of this order."   Dkt. No. 35-1 at 2-3.

Davis also submitted a copy of the docket sheet from his bankruptcy case, with

docket entries through March 22, 2024.   *Id*. at 4-9.   Davis did not include, however, the Notice.

In its reply, Kula Kai maintains that all of Davis' claims should be dismissed because of his bankruptcy filing.   Dkt. No. 36 at 5-6.   Specifically, Kula Kai first argues that, because Davis failed to file a separate concise statement of facts, all of the facts in its concise statement "are deemed admitted", including its assertion that Davis' bankruptcy case was closed without the Trustee abandoning the claims in the Complaint.   *Id*. at 2, 5.   Kula Kai also argues that, even if the Court reviewed the Notice, it would "not show that Davis is now the owner and holder of the specific claims asserted in the Complaint in this action."   *Id*. at 5-6.

Neither of Kula Kai's arguments in reply is well taken.   First, while Kula Kai relies upon the text of Local Rule 56.1, it fails to appreciate that Davis is proceeding pro se and, importantly, submits documentation that, at the very least, raises substantial doubt as to the purportedly undisputed nature of Kula Kai's factual statements concerning the Trustee's abandonment (or lack thereof) of Davis' claims.   The Court, therefore, declines to penalize Davis for failing to comply with the letter of Local Rule 56.1.

Second, on the subject of penalties, Kula Kai's assertion—that the Notice does not show Davis is *now* the owner of the claims in the Complaint—is

8

incorrect.   And Kula Kai's counsel should have known this if counsel, as they would need to do to make the foregoing assertion, had even cursorily reviewed the Notice.   The Notice is clear:

> [the] trustee appointed for the above-captioned debtor [Kent Ivan Davis], intends to and will abandon … [a]ll of the bankruptcy estate's right, title and interest in a lawsuit pending in the United States District Court for the District of Hawaii, entitled <u>Kent Davis, an individual vs. Kula Kai View Estates Community Road Maintenance Association et. al.</u>, bearing case number 23-CV-00346 DKW-WRP and case number 23-CV-00361 DKW-WRP.[2]

*In re Kent Ivan Davis*, Case No. 23-BK-11505-SY, Dkt. No. 31 at 1.

The Notice is dated February 16, 2024, and the Order confirming the same is dated March 12, 2024,[3]  weeks *before* Kula Kai filed its reply containing the assertion above.   In other words, effective March 12, 2024, Davis was "now" the owner of the claims in this case.   Kula Kai's assertion to the contrary is, therefore, wrong.[4]

---

[2] On September 14, 2023, Case No. 23-CV-00361 DKW-WRP was closed as duplicative of this case.   *Davis v. Kula Kai View Estates, Comm. Ass'n, et al.*, Case No. 23-CV-00361 DKW-WRP, Dkt. No. 15.

[3] The Court takes judicial notice of both the February 16, 2024 Notice and March 12, 2024 Order from the U.S. Bankruptcy Court for the Central District of California, Case No. 23-BK-11505-SY, *In re Kent Davis*.   *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (explaining that a court can take judicial notice of public records).

[4] Counsel for Kula Kai is, therefore, forewarned that should they make any future similarly inaccurate representations in this case, or any other before the undersigned, monetary sanctions *will* be imposed.

That being said, and although Kula Kai fails to cite relevant law, simply because the Trustee abandoned the claims in this case does not mean that, when Davis *filed* this case in July 2023, he had standing to assert them.   This is because, *ordinarily*, standing is assessed based upon the facts at the time a complaint is filed.   *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007).   However, the Ninth Circuit Court of Appeals has further explained that a standing defect at the time of filing is *curable* post-filing because "Federal Rule of Civil Procedure 17(a) permits [a plaintiff] to obtain the real party in interest's ratification to proceed with the…causes of action."   *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004).   The Ninth Circuit went onto explain as follows:

> Here, the bankruptcy estate was the real party in interest because it owned the refund claims when Dunmore filed his October 1997 complaint.   We assume without deciding that when the bankruptcy trustee abandoned the refund claims in February 1999, the abandonment could constitute the estate's ratification of Dunmore's lawsuit.   This ratification would have the same effect as if the estate itself had originally commenced the action, so long as Dunmore's decision to sue in his own name represented an understandable mistake and not a strategic decision.

*Id*. at 1112-13 (remanding for the district court to assess whether an "understandable mistake" had been made).

10

Here, other than Kula Kai baldly claiming that Davis "knowingly concealed" the claims in this case, Dkt. No. 36 at 5,[5] there are no facts, disputed or undisputed, concerning whether Davis's decision to sue in his own name "represented an understandable mistake and not a strategic decision."  *See Dunmore*, 358 F.3d at 1112.   Therefore, at this juncture in the proceedings, the Court cannot find that Kula Kai is entitled to summary judgment on the ground that Davis lacks standing to assert any of his claims.[6]

## 2.    Kula Kai's Other Arguments

Apart from its argument that all of Davis' claims should be dismissed due to his bankruptcy filing, Kula Kai also contends that numerous claims should be dismissed because they are brought under federal or state criminal provisions. Because this is a pure legal argument that does not rely upon any alleged undisputed facts, the Court construes the same as one for dismissal under Rule 12(b)(1).   So construed, as more fully discussed below, the Court agrees with Kula Kai to the extent that, as alleged and based upon the legal authority relied upon, Davis has no right to bring claims against Kula Kai premised upon purported

---

[5]Kula Kai also contends that Davis' knowing concealment is an "undisputed fact[]…."   Dkt. No. 36 at 5.   This is even though not one of the seven purported facts in its concise statement of facts concerns Davis' state of mind.   *See generally* Dkt. No. 24.

[6]The Court notes that, although, in *Dunmore*, the Ninth Circuit only "assume[d] without deciding" that abandonment could constitute ratification under Rule 17(a), in light of the concomitant remand in that case, the Court follows a similar road here.

criminal law violations.   However, because this legal deficiency could be cured by amendment, and because Davis is proceeding without counsel and without prior notice of any such deficiency, he shall be allowed an opportunity to amend the Complaint should he so choose.

As an initial matter, in the Complaint, Davis purports to bring a large number of his claims under various federal and state criminal provisions.   In fact, a *significant majority* of Davis' claims are of this type, roughly 19 of the 30 claims.[7]   As Kula Kai explains in the motion for summary judgment, Davis has no right to rely upon federal or state *criminal* provisions in bringing claims in this *civil* proceeding.   *See* Dkt. No. 23-1 at 8-11; *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Haw. Rev. Stat. §§ 805-1, 806-7 (providing that only a "prosecuting officer" can bring criminal charges). Therefore, *as alleged*, those claims must be dismissed.

---

[7]Specifically, the following claims rely upon federal or state criminal law or regulations: Claim 1 ("Fraud"), Claim 2 ("Assault and Battery"), Claim 4 ("Hate Crimes and Hate Speech"), Claim 7 ("False Imprisonment"), Claim 11 ("Obstruction of Justice"), Claim 12 ("False Arrest"), Claim 13 ("False Imprisonment"), Claim 15 ("Fraud"), Claim 16 ("Mail Fraud"), Claim 17 ("Asset Misappropriation and False Invoices"), Claim 18 ("False Claims and False Expenses"), Claim 19 ("Subornation of Perjury"), Claim 20 ("Unlawful Entry Into a Motor Vehicle in the First Degree"), Claim 21 ("False Statements"), Claim 22 ("Forged Documents"), Claim 23 ("Concealment"), Claim 24 ("Arson"), Claim 25 ("Theft"), Claim 26 ("Burglary in the Second Degree"), and Claim 30 ("Aiding and Abetting").

Davis, however, is proceeding without counsel.   Further, due to the somewhat peculiar procedural posture of this case, the instant dispositive motion is the first occasion for the Court to explain to Davis that, as a private civil litigant, he cannot bring claims under criminal law.   In that regard, the Ninth Circuit has explained that, unless futile, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."   *Lucas*, 66 F.3d at 248.   While it would certainly be futile, here, for Davis to continue relying upon criminal law to bring his claims, at least for some of those claims, it would not necessarily be futile to pursue the underlying factual allegations should Davis rely upon appropriate law, such as state tort law.[8]   For example, and without limitation, Davis' claims of "Fraud" (Claim 1), "Assault and Battery" (Claim 2), and "False Imprisonment" (Claim 7) could be re-alleged to state actionable claims.   Therefore, should he choose to do so, the Court grants Davis leave to attempt to amend the claims set forth in footnote 7 above.

Kula Kai next argues that Davis' claims under Section 1983 and those alleging judicial and/or prosecutorial misconduct should be dismissed.   Dkt. No. 23-1 at 15-17.   In his responses to the motion for summary judgment, Davis

---

[8]This may also be Davis' intent, at least with respect to some of these claims.   *See* Dkt. No. 37 at 10-14.   However, because Davis' response to the motion for summary judgment is not the operative pleading in this case, he must file an amended complaint to clarify his intent.

clarifies that he does not seek to bring those claims against Kula Kai.   Dkt. No. 37 at 3, 14.   Consistent with this representation, therefore, the Complaint (and/or any future amended complaint) shall not be construed or permitted to pursue such claims against Kula Kai.   To that extent, the motion for summary judgment is GRANTED as unopposed.

Finally, Kula Kai argues that Davis' purported claim (Claim 10) under "Title VII" should be dismissed because he has failed to show that he administratively exhausted any such claim.   Dkt. No. 23-1 at 16; Dkt. No. 36 at 4.   Davis does not appear to address this argument in his responses to the motion for summary judgment.   *See generally* Dkt. Nos. 32, 37.   As an initial matter, the Court notes that, in the Complaint, Davis cites "Title VI", rather than "Title VII", as Kula Kai contends.   Dkt. No. 1 at 23.   The difference, however, is immaterial in the sense that there are no facts alleged that, for purposes of Title VI, Kula Kai is a "program or activity" receiving federal financial assistance, *see* 42 U.S.C. § 2000d, or, for purposes of Title VII, Davis exhausted any possible claim, *see B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).   Therefore, to the extent Claim 10 is brought under either Title, it is dismissed.

For the reasons discussed earlier, however, Davis is granted leave to amend this claim, should he choose to do so.   Specifically, in the Complaint, Davis

alleges that this claim is based upon "multiple counts of racial discrimination."

Dkt. No. 1 at 23.   The Complaint, however, alleges nothing more.   As such,

irrespective of the law under which the claim is brought, it would fail to state a

claim, given that, among other deficiencies, Davis' race is not even alleged.

Therefore, should Davis choose to amend this claim (or any other claim permitted

by this Order), he must write short, plain statements alleging: (1) the legal right he

believes was violated; (2) the name of the defendant(s) who violated that right;

(3) exactly what each defendant did or failed to do and when; (4) how the action or

inaction of that defendant is connected to the violation of his right; and (5) what

specific injury he suffered because of a defendant's conduct.   **Failure to do so for**

**any claim may result in such claim being dismissed for failure to state a**

**claim.**[9]

### 3.   <u>Service</u>

While not a matter raised in the briefing concerning the motion for summary

judgment, the Court uses this opportunity to address a glaring failure in the case.

Specifically, although this case has now been proceeding for nearly ten months, at

---

[9] The Court notes that, in one of his responses to the motion for summary judgment, Davis asserts that his "claim of discrimination" "is a civil tort."   Dkt. No. 37 at 14.   Assuming Davis refers to Claim 10 in this regard, and without passing judgment on whether such a "civil tort" exists, to the extent Davis amends this claim, he must also allege facts establishing each element of any such tort.

least four of the five named defendants have not been served.   Those defendants are: the State of Hawai'i, HCPD, Waltgen, and Larson.[10]   This is patently untimely.   Fed.R.Civ.P. 4(m) (permitting a plaintiff "90 days" to serve a defendant).   This is particularly so, here, given that the record reflects Davis has not even attempted to serve any of the Unserved Defendants or use the services of the U.S. Marshal to do so, as permitted by the Order granting Davis leave to proceed without prepayment of fees or costs.   Therefore, consistent with Rule 4(m), this matter is REFERRED to the assigned Magistrate Judge for consideration whether this action should be dismissed without prejudice as to the Unserved Defendants.

## **CONCLUSION**

For the reasons set forth herein, the motion for summary judgment and as-construed motion to dismiss, Dkt. No. 23, are GRANTED IN PART and DENIED IN PART.   To the extent permitted herein, Davis may have until June 5, 2024 to file an amended complaint consistent with the guidance provided in this Order.   If

---

[10]With respect to the named defendants, another deficiency with the Complaint is Davis naming the State of Hawai'i "and its employees" as defendants.   Davis may not sue unnamed individuals such as the "employees" of the State of Hawai'i.   Rather, should this action continue against the Unserved Defendants following remand to the assigned Magistrate Judge, Davis must *name specific* individuals.   In the event Davis is unaware of the name of any such individual, he must use the term "Jane or John Doe" and a number, such as "John Doe 1", when describing how each defendant has violated his rights.

no amended complaint is timely filed, this matter will proceed with the Complaint

as the operative pleading.

      The failure to serve the Unserved Defendants is REFERRED to the assigned

Magistrate Judge as set forth herein.

      IT IS SO ORDERED.

      Dated: May 15, 2024 at Honolulu, Hawai'i.


Derrick K. Watson
Chief United States District Judge


_Kent Davis v. Kula Kai View Estates, Community Association, et al_; Civil No. 23-00346 DKW-WRP; **ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT KULA KAI VIEW ESTATES' MOTION FOR SUMMARY JUDGMENT AND AS-CONSTRUED MOTION TO DISMISS, (2) PERMITTING PARTIAL LEAVE TO AMEND THE COMPLAINT, AND (3) REMANDING PLAINTIFF'S FAILURE TO SERVE CERTAIN DEFENDANTS TO ASSIGNED U.S. MAGISTRATE JUDGE**