IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| KENT DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KULA KAI VIEW ESTATES COMMUNITY ASSOCIATION, *et al.*,<br><br>　　　　Defendants. | Case No. 23-cv-00346-DKW-WRP<br><br>**ORDER (1) GRANTING IN PART DEFENDANTS' MOTION TO DISMISS, AND (2) DISMISSING ACTION WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND FOR LACK OF SUBJECT MATTER JURISDICTION[1]** |

On June 5, 2024, Plaintiff Kent Davis ("Plaintiff" or "Davis"), proceeding without counsel, filed a First Amended Complaint ("FAC")—the operative pleading in this case—against numerous Defendants, including John Wilson, Mary Wilson, Theodore Stanton, Karen Lane, and Larry Hayes (collectively, the "Moving Defendants"), as well as against Kula Kai View Estates Community Association ("Kula Kai"), a community and road association on the Big Island of Hawai'i. Davis asserts at least 19 claims under federal and state law, all of which appear to arise out of disputes between Davis and members of Kula Kai, including the Moving Defendants.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing. As a result, the March 14, 2025 hearing (Dkt. No. 88) is hereby VACATED.

Pending before the Court is the Moving Defendants' motion to dismiss six of Davis' claims, including the only two potentially brought under federal law. Dkt. No. 87. Davis opposes the motion. Dkt. No. 93. Upon review of the parties' briefing, the FAC, and relevant case law, for the reasons set forth below, the Court agrees with the Moving Defendants' argument that Davis' claims under federal law must be dismissed because they are premised upon statutory provisions declared unconstitutional and/or they fail to allege "state action" as required. Further, in light of the assertions in Davis' opposition, the Court finds that leave to amend these claims would be futile and, thus, not warranted. Further still, Davis' opposition reveals that, although he premised this lawsuit, in part, upon diversity jurisdiction, Davis concedes that he and certain defendants are not citizens of different States and, thus, are not diverse for federal jurisdictional purposes.

This means several things, all explained further below. First, the Court lacks federal question jurisdiction because all of Davis' federal claims are dismissed without leave to amend. Second, the Court lacks diversity jurisdiction over Davis' state law claims because the parties are not sufficiently nor completely diverse. The sum of these parts is that the Court lacks subject matter jurisdiction over this action. Third, in light of the representations in Davis' opposition, leave to amend would be futile. Therefore, this case must be dismissed, and it is unnecessary for the Court to address the Moving Defendants' merits-based arguments with respect to

Davis' state law claims. Because dismissal is for lack of subject matter jurisdiction, however, dismissal is without prejudice. Accordingly, the motion to dismiss, Dkt. No. 87, is GRANTED IN PART.

## PROCEDURAL BACKGROUND

Davis initiated this action on July 26, 2023 with the filing of a Complaint against Defendants Kula Kai, the State of Hawaiʻi and its "employees", the Hawaiʻi County Police Department ("HCPD"), Hawaiʻi County Prosecutor Kelden Waltgen, and Randy Larson (collectively, the "Original Defendants"). Dkt. No. 1. Davis did so in the U.S. District Court for the Central District of California ("California Court"), alleging that he was a resident of California. In August 2023, the action was transferred from California to this District, with the California Court finding that the Original Defendants were residents of Hawaiʻi and a substantial part of the events giving rise to Davis' claims occurred in Hawaiʻi. Dkt. No. 7.

On February 2, 2024, Kula Kai, the only served member of the Original Defendants, filed a motion for summary judgment on numerous grounds. Dkt. No. 23. Essentially, while the Court did not dismiss all claims as requested, the Court agreed that various claims against Kula Kai were deficient and needed to be re-alleged, and granted Davis leave to do so. Dkt. No. 40.

On June 5, 2024, Davis filed the instant First Amended Complaint. Dkt. No. 45. In addition to amending many of his claims, Davis also substantially

amended the parties named as defendants. Specifically, of the Original Defendants, only Kula Kai remains. *Id*.; *see also* Dkt. No. 47 (Davis dismissing without prejudice the State of Hawai'i and its employees, HCPD, Waltgen, and Larson). In place of most of the Original Defendants, Davis named numerous individuals, allegedly members of Kula Kai, including the Moving Defendants. Among other things, Davis alleged, generally, that all of the Defendants resided or did business in Hawai'i. Dkt. No. 45 at 2. In the FAC, Davis brought 19 causes of action. Liberally construing those claims, all but two arise under State law for such things as alleged assault, false imprisonment, libel, infliction of emotional distress, and trespass (collectively, "State Claims"). *Id* at 33-35. In the two outliers, Davis alleges that unidentified defendants violated his rights under the Fourteenth Amendment, federal statutory law, and against sexual-orientation discrimination (collectively, "Federal Claims"). *Id*. at 35-36.

On February 5, 2025, the Moving Defendants filed the instant motion to dismiss, seeking dismissal of the only Federal Claims and certain State Claims. Dkt. No. 87. Davis has opposed the motion to dismiss. Dkt. No. 93. In his opposition, Davis asserts, among other things, that the FAC is "premised on" diversity jurisdiction, his citizenship is California, and "[t]hree of the defendants

also live in the State of California." *Id*. at 8.[2] The Moving Defendants have filed a reply. Dkt. No. 94. With briefing complete, this Order now follows.

## STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(h)(3) requires dismissal of an action if "at any time" the court determines that it lacks subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (explaining that subject matter jurisdiction "involves a court's power to hear a case" and a court has an independent obligation to determine whether such jurisdiction exists) (quotation and citation omitted). The burden of establishing subject matter jurisdiction falls on the plaintiff, here, Davis. *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).

Generally speaking, a federal district court possesses subject matter jurisdiction over federal questions–those involving a claim under the Constitution or laws of the United States–and over diversity actions–those between parties of diverse citizenship and exceeding $75,000 in controversy. *Arbaugh*, 546 U.S. at 513. Diverse citizenship means *complete* diversity. In other words, only "where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). When a plaintiff files an

---

[2] The Court notes that, on March 5, 2025, Davis filed another opposition to the motion to dismiss. Dkt. No. 95. This latter opposition, however, is dated February 19, 2025—the same date as the original—and appears a duplicate of the original in all relevant respects. *Compare* Dkt. No. 93, *with* Dkt. No. 95. Therefore, the Court cites only the original opposition, Dkt. No. 93, herein.

amended complaint, "courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473 (2007), *overruled on other grounds as stated in Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025).

Because Davis is proceeding without counsel, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). A court, however, may deny leave to amend where, among other things, amendment would be futile. *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## DISCUSSION

The Moving Defendants seek dismissal of the only Federal Claims and certain State Claims. Dkt. No. 87. Because they arguably provide subject matter jurisdiction for this action, the Court begins with the Federal Claims.[3]

### I. Federal Claims

---

[3] The Court acknowledges that, in both the FAC and in his opposition to the motion to dismiss, Davis appears to contend that jurisdiction exists in this case solely due to diversity jurisdiction. Dkt. No. 45 at 1; Dkt. No. 93 at 8. The FAC, however, clearly attempts to bring claims under, at least, the Fourteenth Amendment and a provision of the U.S. Code. Dkt. No. 45 at 35. Therefore, in light of Davis' pro se status, the Court reviews the Federal Claims to determine whether they provide subject matter jurisdiction here independent of diversity.

In the FAC, Davis brings two claims, at least one of which he attempts to bring under federal law. *See* Dkt. No. 45 at 35-36. In the first such claim, Davis relies upon 34 U.S.C. Section 12361 ("Section 12361") and the Fourteenth Amendment. In the second, which alleges sexual-orientation discrimination, Davis does not rely upon any specific provision of federal law. Nonetheless, given Davis' pro se status, to the extent he intends to bring the claim under federal law, the Court construes the same as one attempting to allege a constitutional violation under 42 U.S.C. Section 1983 ("Section 1983") or, like the Moving Defendants, as one also brought under Section 12361. *See* Dkt. No. 87-1 at 8; *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983.") (citations omitted). None of the above-mentioned law, however, provides subject matter jurisdiction over the Federal Claims.

First, as the Moving Defendants explain in their motion to dismiss, Section 12361 cannot be a basis for any federal claim because the U.S. Supreme Court has found it to be unconstitutional. Dkt. No. 87-1 at 7 (citing *United States v. Morrison*, 529 U.S. 598, 627 (2000) (concluding that Congress lacked authority to enact the civil remedy provision of 42 U.S.C. Section 13981, which was subsequently transferred to Section 12361); *see* 42 U.S.C. § 13981; *see also Stoutt v.*

7

*Travis Credit Union*, 512 F. Supp. 3d 1048, 1052 (E.D. Cal. 2021) ("federal courts lack jurisdiction over claims based upon unconstitutional statutes[.]") (citing *Ex Parte Siebold*, 100 U.S. 371, 377 (1879) ("if the laws are unconstitutional and void, the Circuit Court acquired no jurisdiction of the causes.")).

Second, for purposes of Section 1983 and/or the Fourteenth Amendment, a "threshold requirement of any constitutional claim is the presence of state action." *See Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017); *Shah v. Patel*, 232 F. App'x 743 (9th Cir. May 23, 2007) (explaining that, to bring an action under Section 1983, "a plaintiff must sufficiently plead that the defendants have engaged in state action[,]" and affirming the dismissal of a case for lack of subject matter jurisdiction due to a failure to plead such action); *Kinsley v. Doe*, 2024 WL 5137647, at *1 (W.D. Wash. Dec. 17, 2024) (dismissing complaint brought under Section 1983 for lack of subject matter jurisdiction because "all named defendants are private actors…."). Here, Davis has not pled state action or named any state actor as a defendant. Rather, all defendants named in the FAC, including the Moving Defendants, are clearly private actors, as either a community association (Kula Kai) or the individual members of the same (such as the Moving Defendants). Further, when faced with this very argument from the Moving Defendants, in his opposition, Davis' only counter was to assert that "the Defendants are closely tied to a State and Federally licensed Non Profit Corporation." Dkt. No. 93 at 8. While

8

Davis does not identify the "Non Profit Corporation", irrespective of whether the same is Kula Kai or some other entity, merely being "licensed" by a state government does not constitute state action or make the entity a state actor. *See Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 807, 814, 818-819 (2019) (affirming the dismissal of a Section 1983 claim against a "private" operator of a public-access cable system, explaining that "the fact that the government licenses, contracts with, or grants a monopoly to a private entity does not convert the private entity into a state actor…."); *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1013-14 (9th Cir. 2020) (explaining that "[r]eceipt of government funds" and "compliance with generally applicable laws" or state regulations does not constitute state action). Without state action, Davis cannot bring a Section 1983 and/or the Fourteenth Amendment claim, leaving him no viable Federal Claim with which to proceed.

This then leaves the issue of whether Davis should be entitled leave to amend his Federal Claims. The Court finds that leave to amend is not warranted because it would be futile. First, amendment would not resuscitate any claim under an unconstitutional statutory provision, such as Section 12361. Second, when faced with the Moving Defendants' argument that the FAC failed to allege state action, Davis' only response was to rely upon the purported licensing of a non-profit corporation. As discussed, amendment of the FAC to include such an allegation would not fix the private-action problem with this case. Further, because Davis has

failed to identify any other basis for state action, despite the problem being identified in the motion to dismiss, the Court finds that leave to amend would simply delay the inevitable. Therefore, for the reasons set forth herein, the Federal Claims are dismissed without leave to amend. Because dismissal is for lack of subject matter jurisdiction, dismissal is without prejudice. *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019) ("in general, dismissal for lack of subject matter jurisdiction should be without prejudice.").

## II. State Claims and Diversity

With respect to Davis' State Claims, the Court notes that, in the motion to dismiss, the Moving Defendants' arguments challenged the merits of these claims. Dkt. No. 87-1 at 8-13. However, as mentioned, the Court has an ongoing obligation to determine whether it has subject matter jurisdiction. That obligation exists throughout the pendency of a case. In light of the dismissal of the Federal Claims, the only remaining basis for the Court to exercise jurisdiction over the State Claims is diversity jurisdiction.[4] Further, since the filing of the motion to dismiss, the circumstances of the Court's subject matter jurisdiction have changed in light of representations made in Davis' opposition. Specifically, Davis clearly states that, in addition to himself being a resident of California, "[t]hree of the defendants also

---

[4] The Court notes that, with the dismissal of the Federal Claims for lack of subject matter jurisdiction, there is no "discretion" to retain "supplemental jurisdiction" of the State Claims under 28 U.S.C. Section 1367. *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001).

live in the State of California." Dkt. No. 93 at 8. As the Moving Defendants observe in their reply, this representation implicates whether diversity jurisdiction exists in this case. Dkt. No. 94 at 1-2. The reason is straightforward under long-established law: Davis, as the plaintiff, cannot be a citizen of the same state as *any* defendant in order for diversity to exist. *See Hunter*, 582 F.3d at 1043. Here, Davis acknowledges that he and at least *three* defendants are of the same state.[5] Therefore, diversity jurisdiction does not exist.

## CONCLUSION

For the reasons set forth herein, neither federal question nor diversity jurisdiction exists in this case. This means that the Court lacks subject matter jurisdiction. *Arbaugh*, 546 U.S. at 513. Further, as discussed, there is no basis for the Court to grant leave to amend these deficiencies in light of Davis' past opportunity to address the same and/or his admissions in his opposition. In other words, amendment would be futile. The Moving Defendants' motion to dismiss, Dkt. No. 87, is GRANTED IN PART, and the First Amended Complaint, Dkt. No. 45, is DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND.

After entry of this Order, the Clerk is directed to CLOSE this case.

---

[5] The Court, therefore, finds this more specific representation overcomes the generalized statement in the FAC that all defendants either did business in or resided in Hawaiʻi, particularly given that the FAC fails to identify any specific defendant or location in Hawaiʻi where any of the defendants allegedly resided. *See* Dkt. No. 45 at 2; *Rockwell*, 549 U.S. at 473 (stating that "demonstration that the original allegations were false will defeat [subject matter] jurisdiction.").

IT IS SO ORDERED.

Dated: March 5, 2025 at Honolulu, Hawaiʻi.

_____
Derrick K. Watson
Chief United States District Judge